IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARED GARCIA, a minor, with
his father and mother as his parents
PAUL AND SUSIE GARCIA,

      Plaintiffs,

vs.                                                              No. CIV 00-0647 LCS

ROBERT DE VRIES, individual, and
THE BOARD OF EDUCATIONS OF
THE EAST LAS VEGAS CITY SCHOOLS,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss Amended Complaint (Doc. 8), filed May 22, 2000. The United States Magistrate Judge, having reviewed the Motion, Memorandum, record, and relevant authorities, finds that Defendants' motion is well-taken and recommends that it be granted.

### PROPOSED FINDINGS

1.     Plaintiff filed this action in the Fourth Judicial District, County of San Miguel, State of New Mexico. On April 26, 2000, Plaintiff filed an Amended Complaint for Personal Injury and Money Damages, asserting *inter alia*, a claim under 42 U.S.C. § 1983, for alleged violation of his civil rights while he was a student in the East Las Vegas Schools. Defendants

removed the case to this Court on May 4, 2000.  Plaintiffs did not contest removal.

2.	On May 8, 2000, Defendants served their Motion to Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Amended Complaint fails to state a claim.  Plaintiffs have failed to file a response to this Motion.

3.	The Local Rules of this Court provide that a response is due fourteen calendar days after service of a motion.  *See* D.N.M.LR-Civ. 7.6 (a).  As Defendant's Motion was served May 8, 2000, Plaintiff's response was due on May 22, 2000.  To date, Plaintiffs have failed to file a response.

4.	The Local Rules also provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion.  *See* D.N.M.LR-Civ. 7.5 (b). Plaintiffs failed to respond to Defendants' Motion to Dismiss.  Pursuant to Local Rule 7.5 (b), Plaintiffs consented to this Motion by failing to file a response in opposition.  Accordingly, Defendant's Motion to Dismiss should be granted pursuant to Local Rule 7.5(b).

5.	In the alternative, Defendants' Motion to Dismiss should be granted on the merits. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957).  In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir.1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *Ordinance 59 Ass'n v. United States Dep't of Interior*

*Secretary*, 163 F.3d 1150, 1152 (10th Cir.1998).

6. Defendants argue that Plaintiffs fail to allege sufficient facts to state a constitutional violation. In his Amended Complaint for Personal Injury and Money Damages, Plaintiffs alleges that, on October 31, 1997, while Jared Garcia was enjoying a "haunted house" at Memorial Middle School, "he was roughly lifted up and thrown against a wall of lockers by a school employee, Defendant Robert De Vries for going in the wrong area." This allegation is not sufficient to state a claim for a federal constitutional violation. *See Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999) (assault and battery does not rise to the level of a constitutional violation). Accepting all the well-pleaded factual allegations of the complaint as true and viewing them in the light most favorable to Plaintiffs, the Amended Complaint is not legally sufficient to state a claim upon which relief may be granted. Therefore, Defendant's Motion to Dismiss should be granted for failure to state a constitutional claim.

7. Jurisdiction in this action was founded solely on 28 U.S.C. § 1331 (federal question). As this case was removed less than a month ago and it at an early stage of pretrial development, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Gold v. Local 7 United Food and Commercial Workers Union,* 159 F. 3d 1307, 1301 (10th Cir. 1999). Therefore, Plaintiffs' supplemental claims shall be dismissed without prejudice.

**RECOMMENDED DISPOSITION**

I recommend that Defendants' Motion to Dismiss, served May 8, 2000, and filed May 22, 2000, be granted and that Plaintiff's Complaint be dismissed.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**